**Pages 1 - 10**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>          Plaintiff,          )<br>                              )<br>   VS.                        )<br>                              )<br>EMILIO JOSE HEREDIA COLLADO   )<br>a/k/a EMILIO HEREDIA,         )<br>                              )<br>          Defendant.          )<br>_____) | **No. 21-cr-0109-CRB**<br><br><br><br>San Francisco, California<br>Wednesday, March 24, 2021 |

**TRANSCRIPT OF PROCEEDINGS VIA ZOOM WEBINAR**

**APPEARANCES:** (via Zoom Webinar)

For Plaintiff:         U.S. DEPARTMENT OF JUSTICE
                       Fraud Section, Criminal Division
                       U.S. Department of Justice
                       1400 New York Avenue NW
                       Washington, District of Columbia 20005
                  **BY: AVI PERRY**
                       **ACTING PRINCIPAL ASSISTANT CHIEF**
                       **MATTHEW F. SULLIVAN**
                       **TRIAL ATTORNEY**

For Defendant:         ARGUEDAS, CASSMAN, HEADLEY &
                        GOLDMAN LLP
                       803 Hearst Avenue
                       Berkeley, California 94710
                  **BY: TED W. CASSMAN, ESQUIRE**
                       **RAPHAEL M. GOLDMAN, ESQUIRE**


Reported by:    Katherine Powell Sullivan, CSR #5812, CRR, RMR
                Official Reporter - U.S. District Court

```
 1   Wednesday - March 24, 2021                         3:14 p.m.
 2                        P R O C E E D I N G S
 3                              ---oOo---
 4          THE CLERK:  Calling Criminal action 21-0109, USA
 5   versus Emilio Jose Heredia Collado.
 6       Counsel, please state your appearances.
 7          MR. SULLIVAN:  Good afternoon, Your Honor.  Matthew
 8   Sullivan on behalf of the United States.  And with me is my
 9   colleague Avi Perry.
10          MR. PERRY:  Good afternoon, Your Honor.
11          MR. GOLDMAN:  And Raphael Goldman and Ted Cassman on
12   behalf of Mr. Heredia, who's present with us in our office and
13   consents to proceeding by video in light of the pandemic, Your
14   Honor.
15          THE COURT:  Mr. Heredia, you understand that you
16   are -- you have a right to be personally present in front of
17   the Court in this change of plea proceeding, but your attorneys
18   have indicated that you are willing to forego that right and
19   appear by way of Zoom; is that correct?
20          THE DEFENDANT:  It is, Your Honor.
21          THE COURT:  And where are you located now?
22          THE DEFENDANT:  In Berkeley, California.
23          THE COURT:  Okay.  All right.  And you have been in
24   contact with your lawyer, Mr. Cassman; is that correct?
25          THE DEFENDANT:  Yes, sir.
```

```
03:15:29
```

1     **THE COURT:** Okay.

2     **MR. CASSMAN:** Your Honor, for the record, Mr. Goldman

3  and Mr. Heredia and I are in the same building.  We're here

4  together.

5     **THE COURT:** Okay.  Thank you.  Would you administer

6  the oath to Mr. Heredia.

7     **THE CLERK:** Please raise your right hand.

8        (Oath administered to the defendant.)

9     **THE COURT:** May I have your full name?

10    **THE DEFENDANT:** Emilio Jose Heredia Collado.

11    **THE COURT:** When were you born?

12    **THE DEFENDANT:** September 21st, 1971.

13    **THE COURT:** How old are you?

14    **THE DEFENDANT:** Forty-nine years old.

15    **THE COURT:** And how far did you go in school?

16    **THE DEFENDANT:** Bachelor's degree.

17    **THE COURT:** Have you been treated recently for any

18  mental illness or addiction to narcotic drugs of any kind?

19    **THE DEFENDANT:** I have not.

20    **THE COURT:** Are you currently under the influence of

21  any drug, medication, or alcoholic beverage of any kind?

22    **THE DEFENDANT:** No, Your Honor.

23    **THE COURT:** Have you received a copy of the charges

24  pending against you?

25    **THE DEFENDANT:** Yes, I have.

03:16:34 1          **THE COURT:**  Have you had an opportunity to discuss
2    those charges and your case with your attorney?
3          **THE DEFENDANT:**  Yes, I have.
4          **THE COURT:**  Are you fully satisfied with the
5    representation given to you in this case by your attorneys?
6          **THE DEFENDANT:**  Yes, I am.
7          **THE COURT:**  There is a Plea Agreement in this case.
8    Did you have an opportunity to read and discuss the Plea
9    Agreement with your lawyers before you signed it?
10         **THE DEFENDANT:**  Yes, Your Honor.
11         **THE COURT:**  Do you understand all the terms of the
12   Plea Agreement?
13         **THE DEFENDANT:**  I do.
14         **THE COURT:**  Has anyone made any promise or assurance
15   that is not in this agreement?
16         **THE DEFENDANT:**  No, Your Honor.
17         **THE COURT:**  Has anyone threatened you in any way to
18   persuade you to accept this agreement?
19         **THE DEFENDANT:**  No.
20         **THE COURT:**  Do you understand the Court is not
21   required to follow any recommendation by the Government or your
22   attorney, and the Court is not required to permit you to
23   withdraw your guilty plea, and may impose a sentence more
24   severe than you anticipate?
25         **THE DEFENDANT:**  I do.

03:17:30

| | |
|---|---|
| 1 | **THE COURT:** Has anyone attempted in any way to force you to plead guilty or otherwise threatened you? |
| 3 | **THE DEFENDANT:** No, Your Honor. |
| 4 | **THE COURT:** Has anyone made any promises or assurances of any kind to get you to plead guilty other than those that are contained in the Plea Agreement? |
| 7 | **THE DEFENDANT:** No, Your Honor. |
| 8 | **THE COURT:** Are you pleading guilty of your own free will because you are guilty? |
| 10 | **THE DEFENDANT:** Yes, sir. |
| 11 | **THE COURT:** Are you a citizen of the United States? |
| 12 | **THE DEFENDANT:** Yes, I am. |
| 13 | **THE COURT:** What are the possible consequences of the plea? |
| 15 | **MR. SULLIVAN:** Your Honor, pardon the interruption. Apologies. Just on the immigration question, the potential collateral consequences, Mr. Heredia is not a natural born U.S. citizen and actually naturalized in 2016. And, just as set forth in paragraph 1 of the Plea Agreement, his guilty plea may have consequences with respect to his immigration status, including denaturalization and removal. |
| 22 | However, Mr. Heredia, as we understand it, still affirms that he wants to plead guilty, regardless of the immigration consequences that may result, even if it results in denaturalization and removal. |

03:18:41

| | |
|---|---|
| 1 | **THE COURT:** So, Mr. Heredia, do you understand that your guilty plea -- do you understand that your guilty plea may affect your ability to remain in the United States as well as your ability to return to the United States if you are deported? |
| 6 | **THE DEFENDANT:** Yes, sir, I understand. |
| 7 | **THE COURT:** Okay. Thank you very much. |
| 8 | Mr. Sullivan, what are the possible consequences of the plea? |
| 10 | **MR. SULLIVAN:** Thank you, Your Honor. |
| 11 | Your Honor, Mr. Heredia is charged with one count of violating Title 18 united States Code Section 371, the maximum penalties of which are five years imprisonment, a fine of $250,000, or the greater of twice the gross gain or loss resulting from the offense, a term of supervised release of not more than three years, restitution to any victims as ordered by the Court, and a $100 mandatory special assessment. |
| 18 | **THE COURT:** Okay. Do you understand those are the possible consequences of your plea? |
| 20 | **THE DEFENDANT:** Yes, I do, sir. |
| 21 | **THE COURT:** Do you understand you have the right to plead not guilty to any offense charged against you; to persist in that plea, you would then have the right to a trial by jury; at trial you would be presumed to be innocent, and the Government would have to prove your guilt beyond a reasonable |

03:19:55

doubt; you would have the right to assistance of counsel for your defense, appointed by the Court if necessary, at trial and every other stage of the proceeding; the right to see and hear all the witnesses and have them cross-examined in your defense; the right on your own part to decline to testify unless you voluntarily elected to do so in your own defense; and the right to compel the attendance of witnesses in your defense?

**THE DEFENDANT:** Yes, Your Honor.

**THE COURT:** Do you understand that should you decide not to testify or put on any evidence, these facts cannot be used against you?

**THE DEFENDANT:** I do.

**THE COURT:** Do you further understand that by entering a plea of guilty, if the plea is accepted by the Court, there will be no trial and you will have given up your right to a trial as well as the other rights associated with the trial as I've just described them?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** What are the essential elements of the offense to which the defendant is pleading guilty?

**MR. SULLIVAN:** The essential elements are that, one, the defendant knowingly and willfully agreed with one or more persons to manipulate the price of a commodity in interstate commerce, which in this case is fuel oil; two, the defendant joined in that agreement knowing its object and intending to

03:21:11

1  help achieve it; and, three, that at least one person who was
2  part of the agreement performed at least one overt act for the
3  purpose of carrying out that agreement.
4       **THE COURT:** So, Mr. Heredia, do you believe if the
5  case went to trial the Government would be able to prove each
6  element of the offense beyond a reasonable doubt?
7       **THE DEFENDANT:** Yes, Your Honor.
8       **THE COURT:** And looking at your Plea Agreement on page
9  2, commencing with paragraph 2 on line 17, and going through
10 page 3, line 11, in that paragraph there are a number of facts
11 that are set forth.  Did you read that paragraph carefully
12 before you signed the agreement?
13      **THE DEFENDANT:** Yes, I did.
14      **THE COURT:** And is everything stated in that paragraph
15 true and correct?
16      **THE DEFENDANT:** Yes, Your Honor.
17      **THE COURT:** You may take the plea.
18      **THE CLERK:** Mr. Heredia Collado, the Government has
19 filed an information charging you in Count One with conspiracy
20 to commit price manipulation, in violation of 18 U.S.C. Section
21 371.  How do you plead, guilty or not guilty?
22      **THE DEFENDANT:** Guilty.
23      **THE CLERK:** Your Honor, the defendant has entered a
24 guilty plea.
25      **THE COURT:** It is the finding of this Court that the

```
03:22:31
```

1  defendant is fully competent, capable of entering an informed
2  plea; the defendant is aware of the nature of the charges, the
3  consequences of the plea; the plea of guilty is a knowing and
4  voluntary plea supported by an independent basis in fact
5  containing each of the essential elements in the offense.  The
6  plea is, therefore, accepted.  Defendant is now judged guilty
7  of the offense.
8          **THE CLERK:**  Sentencing, we will set for
9  January 14th or the 28th.
10         **MR. SULLIVAN:**  Your Honor, if I may just interject for
11 a second.
12     As set forth in the defendant's Plea Agreement, there's a
13 cooperation provision, and he's cooperating with the
14 Government's ongoing investigation.  So I'm happy to set down a
15 sentencing date now.  I expect, although I can't guarantee,
16 that we likely continue that date.  So we can set a sentencing
17 date now or perhaps set a status hearing for --
18         **THE COURT:**  Okay.  So let us set a --
19         **THE CLERK:**  Status date.
20         **THE COURT:**  Yeah.
21         **THE CLERK:**  What about August 18th, at 1:30?
22         **MR. SULLIVAN:**  That works for the Government.
23         **THE COURT:**  So, Mr. Heredia, Government counsel
24 reminds me that this agreement has a provision which provides
25 that the Sentencing Guidelines can be affected by the fact, if

03:24:05
1     it becomes a fact, that you have rendered substantial
2     assistance to the Government.  Do you understand that?
3              **THE DEFENDANT:**  I do, Your Honor.
4              **THE COURT:**  And do you further understand that the
5     decision as to whether or not you have rendered substantial
6     assistance lies with the Government, not with the Court, not
7     with your counsel?  Do you understand that?
8              **THE DEFENDANT:**  I understand, Your Honor.
9              **THE COURT:**  Okay.
10             **MR. GOLDMAN:**  August 18th works for the defense, too,
11    so that --
12             **THE COURT:**  Sorry?
13             **MR. GOLDMAN:**  -- sounds good.  I just said August 18th
14    works for the defense too.
15             **THE COURT:**  Oh, good.  Okay.
16             **MR. GOLDMAN:**  I hadn't responded to that yet.
17             **THE COURT:**  Thank you very much.
18             **THE CLERK:**  That concludes this matter.  Thank you.
19         (At 3:24 p.m. the proceedings were adjourned.)
20                              - - - - -
21
22
23
24
25

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Friday, March 26, 2021

_____

Katherine Powell Sullivan, CSR #5812, RMR, CRR
U.S. Court Reporter